**MIDDLEBROOKS SHAPIRO, P.C.**
P.O. Box 1630
Belmar, New Jersey 07719-1630
(973) 218-6877
Jessica M. Minneci, Esq.
jminneci@middlebrooksshapiro.com
*Withdrawing Counsel for 125 Berckman St., LLC,*
*Chapter 11 Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **125 BERCKMAN ST., LLC**, | Case No.: 26-15661-CMG |
| Chapter 11 Debtor and Debtor-in-Possession. | Honorable Christine M. Gravelle |
| | Hearing Date: Requested on Shortened Time |

**APPLICATION IN SUPPORT OF MOTION FOR ORDER EXTENDING OR OTHERWISE REINSTATING THE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. §§ 362(c)(3)(A) AND (B), AND 105(a) FOR GOOD FAITH SHOWN; AND FOR RELATED RELIEF**

**125 BERCKMAN ST., LLC**, the above-captioned Chapter 11 Debtor (the "Debtor"), by and through its counsel, Middlebrooks Shapiro, P.C. ("MSPC"), respectfully submits this Application in Support of the Debtor's Motion for Order Extending or Otherwise Reinstating the Automatic Stay As to All Creditors Pursuant to 11 U.S.C. §§ 362(c)(3)(A) and (B), and 105(a) for Good Faith Shown; and for Related Relief (the "Motion"), and respectfully represents to the Court as follows:

**FACTUAL AND PROCEDURAL HISTORY**

1.     The Debtor had one (1) prior Chapter 11 case pending within the last year, which was commenced on January 14, 2026 (the "Prior Case").   *See,* Case No. 26-10392-CMG; *see also*, Certification of Debtor in Support of Motion (the "Certification").

2.      The Prior Case was dismissed on March 10, 2026. *See*, *Id.* at Docket No. 19.

3.      On May 19, 2026, the Debtor filed the instant Chapter 11 case (the "Current Case").

*See*, Docket No. 1.

4.      It has been approximately two (2) months since the Prior Case was dismissed.   *See*,

the Certification.

5.      The Debtor submits that the Current Case has been filed in good faith, as it wants

to obtain a fresh start. *See*, *Id.*

### REQUEST FOR RELIEF AND REASONS THEREFOR

6.      Pursuant to 11 U.S.C. § 362(c)(3):

> (3) if a single or joint case is filed by or against a debtor who is an individual in a
> case under chapter 7, 11, or 13, and if a single or joint case of the debtor was
> pending within the preceding 1-year period but was dismissed, other than a case
> refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> > (A) the stay under subsection (a) with respect to any action taken with respect
> > to a debt or property securing such debt or with respect to any lease shall
> > terminate with respect to the debtor on the 30th day after the filing of the later
> > case;

11 U.S.C. § 362(c)(3)(A).

7.      "On the motion of a party in interest for continuation of the automatic stay and upon

notice and a hearing, the court may extend the stay in particular cases as to any or all creditors

(subject to such conditions or limitations as the court may then impose) after notice and a hearing

completed before the expiration of the 30-day period only if the party in interest demonstrates that

the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B).

8.      Pursuant to the foregoing, the Debtor respectfully requests that the Court enter an

Order extending or otherwise reinstating the automatic stay as to all of the Debtor's creditors for

–2–

good faith shown.

9.      The Prior Case was filed *pro se*, and the Debtor did not have the benefit of legal counsel at that time, which contributed to its dismissal. The Debtor is now represented by counsel and is better positioned to successfully reorganize.

10.     Extension of the automatic stay will ensure that the Debtor can continue to work in good faith towards a successful reorganization, and thereby further the Debtor's efforts to obtain a "fresh start" in the instant Chapter 11 case.

**WHEREFORE**, the Debtor respectfully requests entry of an Order Extending or Otherwise Reinstating Automatic Stay as to All Creditors under 11 U.S.C. §§ 362(c)(3)(A) and (B), and 105(a), and granting the Debtor such other and further relief deemed just and equitable under the circumstances.

Respectfully Submitted,

**MIDDLEBROOKS SHAPIRO, P.C.**
Attorneys for Chapter 11 Debtor

/s/     Jessica M. Minneci
By: Jessica M. Minneci, Esq.

Dated: June 11, 2026

–3–